**Roberto RIOS–VIZCARRA, Petitioner–Appellant,**

v.

**George WIGEN, Warden, Moshannon Valley Correctional Institution, Respondent–Appellee.**

No. 14–17234

United States Court of Appeals, Ninth Circuit.

Submitted October 17, 2016 \* San Francisco, California

Filed October 24, 2016

---

\*\* The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ann Catherine McClintock, Esquire, Assistant Federal Public Defender, FPDCA-Federal Public Defender's Office (Sacramento), Sacramento, CA, for Petitioner-Appellant.

Dale Patrick, Esquire, Taft Correctional Institution, Litigation Coordinator, Taft, CA, Matthew Martin Yelovich, Assistant U.S. Attorney, DOJ-U.S. Department of Justice, Sacramento, CA, for Respondent-Appellee.

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Petitioner Rios–Vizcarra appeals the dismissal of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Rios–Vizcarra claims that a prior state conviction in California should not be construed as a "prior drug felony" for the purposes of 21 U.S.C. § 841(b)(1)(A) after the Supreme Court's decision in Descamps v. United States, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). The district court held that his motion did not qualify as a petition under 28 U.S.C. § 2241, because it did not claim actual innocence, and dismissed it. We have appellate jurisdiction under 28 U.S.C. § 1291, and affirm.

The district court did not err when it concluded that Rios–Vizcarra failed to satisfy the requirement of the § 2255(e) escape hatch. Even if it is possible for a petitioner to "be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch," Marrero v. Ives, 682 F.3d 1190, 1193, (9th Cir. 2012), Rios–Vizcarra fails to make a plausible showing of actual innocence. Rios–Vizcarra does not allege that he was factually innocent of the state conviction, nor was Rios–Vizcarra statutorily ineligible to receive his sentence, either with or without the enhancement. Finally, Rios–Vizcarra's sentence poses no violation of constitutional rights. Failing to meet any of the possible exceptions to the § 2255(e) escape hatch for noncapital sentencing enhancements outlined in Marrero, 682 F.3d at 1193–95, Rios–Vizcarra cannot bring a § 2241 petition to challenge his sentence.

**AFFIRMED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.